JOHN BASILA, *et ux.,* v. ANNIE SHANEN, *et al.*

158 So. 85.

Opinion Filed December 13, 1934.

*Peters & Kemp,* for Appellants;

*Twyman & McCarthy,* for Appellees.

PER CURIAM.—Appeal in this case is from a final decree dismissing bill of complaint filed by the appellants in the court below, the purpose of which was to require an accounting; to determine the amount of rentals which should have been collected and to determine the amount thereof which should be paid to the complainants; to decree certain property to be held in trust by one of the defendants for another of the defendants and the complainant, and that such other orders or decrees be entered as might be required to do equity between the parties.

To the bill of complaint the defendants filed an amended plea, which plea presented the issue of *res adjudicata*. The plea alleged in part:

"That on and prior to the 29th day of January, 1930, there was pending in this Court in Chancery, a certain cause, wherein Annie Shanen, one of the defendants herein, was complainant, Magic City Grocery, Inc., another of the defendants herein, was a defendant, Biscayne Electric Supply Company, a Florida corporation, was a defendant, and Helen Basila and John Basila, her husband, complainants herein, also were defendants, and the said Helen Basila and John Basila, her husband, were cross complainants, and the said Magic City Grocery, Inc., a Florida corporation, and the said Annie Shanen, a single woman, and Claude Shanen, defendants herein, were cross defendants, which said suit was numbered 23714 in the files of the above entitled Court, and files and records of which suit are now on file and record in and among the files and records of this Court, and which said suit is the suit referred to by complainants in the Bill of Complaint; that in and by the Bill of Complaint the complainant therein named Annie Shanen, sought the foreclosure of the mortgage mentioned in complainant's Bill of Complaint in this action, and in and by the cross complaint filed by said Helen Basila and John Basila, her

husband, the said Helen Basila and John Basila, her husband, complainants herein, set up the identical cause of action which is set up in this cause, as by the records of the said cause now remaining in the said Court more fully appears. Defendants refer to the records and files in said cause No. 23714, in Chancery, of the above entitled Court, make the same a part hereof, and pray that same be considered a part of this plea as though set out here in full."

The plea then alleges in substance that the purpose of that former suit and this suit are the same, except that Biscayne Electric Supply Co. was made defendant in the former suit for the purpose of removing an apparent cloud of title; that such defendant did not appear and no rights were asserted in the former suit by such defendant; that the subject matter of this suit and the former suit are the same and not other or different subject matter; that a judgment in the former suit amounted to final determination on the merits in said subject matter and cause of action; that the final decree therein was signed and enrolled; that after the entering of the final decree Helen Basila and her husband, John Basila, the complainants here and defendants in that suit, filed a motion to vacate that final decree; that the motion was brought on for hearing before the Honorable Paul Barns, Judge of the Circuit Court in and for Dade County, and after argument, motion to vacate final decree was denied and, thereafter, on written notice to the defendants, Helen Basila and John Basila, the Court made an order confirming the sale of the property had pursuant to the final decree.

Attached to and made part of the answer were exhibit "A," a copy of the bill of complaint filed in that former cause; exhibit "B," copy of the answer and cross bill; exhibit "C," copy of amended cross bill; exhibit "D," copy of

answer of Annie Shanen to amended cross bill; exhibit "E," copy of the answer of Claude Shanen to amended cross bill; exhibit "F," copy of notice of filing of Master's Report; exhibit "G," copy of final decree; exhibit "H," copy of motion to vacate final decree; exhibit "I," copy of order denying motion to vacate final decree; exhibit "J," copy of notice of confirmation of sale and exhibit "K," copy of order confirming sale and permitting withdrawal of original notes.

The amended plea was set down for hearing and argument by complainants to test the sufficiency of the plea and, upon hearing, the Court entered an order sustaining the plea.

The plea was a good plea of *res adjudicata.*

The cause was referred to a general Master to take testimony and report on law and facts.

The Master made his report recommending that the bill of complaint be dismissed. On consideration of the report, order was entered dismissing the bill of complaint.

Substantial evidence is found in the record to support the amended plea above referred to and, therefore, the decree is found to be without reversible error. It should be affirmed.

So ordered.

Affirmed.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.